NO. 07-02-0059-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 11, 2002



______________________________




WILLIAM TRAVIS ALLEN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14087-0106; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

DISMISSAL


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and
his attorney have both signed the motion representing that appellant wishes to withdraw
his notice of appeal. Tex. R. App. P. 42.2(a). No decision of this Court having been
delivered to date, we grant the motion. Accordingly, the appeal is hereby dismissed and
no motion for rehearing will be entertained and our mandate will issue forthwith. 

 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 



AN STYLE="font-family: Arial"> When faced with an Anders brief, or a later filed pro se response, an appellate court
has two choices: (1) it may determine that the appeal is wholly frivolous and issue an
opinion explaining that it has reviewed the record and finds no reversible error, or (2) it may
determine that arguable grounds for appeal exist and remand the cause to the trial court
so that new counsel can be appointed to brief the issues. Garner v. State, ___ S.W.3d ___
No. PD-0904-07, 2009 WL 4640565, at *3 (Tex.Crim.App. Dec. 9, 2009). 

 In this cause, Appellant testified to the facts and circumstances surrounding the
allegations in the indictment. It is apparent that Appellant's trial strategy was not to deny
the commission of the offense, but instead to justify his actions pursuant to either section
9.22 (necessity) or 9.34 (protection of life or death) of the Texas Penal Code. While the
trial court did allow an instruction under section 9.22, it denied a tendered instruction under
9.34. Finding that an arguable issue exists as to whether the trial court erred in denying
the requested instruction under section 9.34 of the Texas Penal Code, pertaining to the
use of force to protect the complainant from inflicting serious bodily injury on herself, we
grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand this
cause to the trial court for appointment of new counsel. See Bledsoe v. State, 178 S.W.3d
824, 827 (Tex.Crim.App. 2005); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). 

 Accordingly, we direct the trial court to appoint new counsel to represent Appellant
on appeal by January 8, 2010. The trial court shall furnish the name, address, telephone
number, and state bar number of new counsel by its order appointing new counsel to be
included in a supplemental clerk's record which shall be filed with the Clerk of this Court
by January 22, 2010. Appellant's brief shall be due forty-five days from the date of the trial
court's appointment of new counsel. All other appellate deadlines shall be in accordance
with the Texas Rules of Appellate Procedure.

 Appellant's pro se Motion to Deny Withdrawal of Attorney of Record is denied. 
Appellant's pro se Motion to Request Writ of Habeas Ad Testificandum is rendered moot
by this Court's order that new appellate counsel be appointed. 

 It is so ordered.

 Per Curiam

Do not publish. 

 
 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).